

West Virginia E-Filing Notice

CC-20-2024-C-1266

Judge: Stephanie Abraham

**To:** Paul Stroebel
paulstroebel1@gmail.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
David Rosario v. West Virginia Division of Corrections and Rehabilitation
CC-20-2024-C-1266

The following complaintwas FILED on 11/14/2024 4:10:59 PM

Notice Date:   11/14/2024 4:10:59 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

**COVER SHEET**

E-FILED | 11/14/2024 4:10 PM
CC-20-2024-C-1266
Kanawha County Circuit Clerk
Cathy S. Gatson

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA
**David Rosario v. West Virginia Division of Corrections and Rehabilitation**

| | | |
|---|---|---|
| **First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other | **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other | |

**Judge:** Stephanie Abraham

## COMPLAINT INFORMATION

**Case Type:** Civil   **Complaint Type:** Other

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No   **Case will be ready for trial by:** 11/17/2025
**Mediation Requested:** ☐ Yes ☑ No
**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?
 ☐ Wheelchair accessible hearing room and other facilities
 ☐ Interpreter or other auxiliary aid for the hearing impaired
 ☐ Reader or other auxiliary aid for the visually impaired
 ☐ Spokesperson or other auxiliary aid for the speech impaired
 ☐ Other:

☐ I am proceeding without an attorney
☑ I have an attorney:   Paul Stroebel, P.O. Box 2582 , Charleston, WV 25329

# SERVED PARTIES

| | |
|---|---|
| **Name:** | West Virginia Division of Corrections and Rehabilitation |
| **Address:** | 1409 Greenbrier Street, Charleston WV 25311 |
| **Days to Answer:** 30 | **Type of Service:** Filer - Secretary of State |

| | |
|---|---|
| **Name:** | LT. Timothy Tibbs |
| **Address:** | 1 Lois Lane, Greenwood WV 26415 |
| **Days to Answer:** 20 | **Type of Service:** Filer - Private Process Server |

E-FILED | 11/14/2024 4:10 PM
CC-20-2024-C-1266
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DAVID ROSARIO,**

    **Plaintiff,**

v.                                  **Civil Action Number:**

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS AND REHABILITATION and**
**LT. TIMOTHY TIBBS**

    **Defendants.**

## **COMPLAINT**

Comes now the Plaintiff, David Rosario, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, David Rosario (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter NCRJ). Plaintiff is no longer incarcerated at the time of filing this Complaint and resides in West Virginia.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendant, Correctional Officer Timothy Tibbs, was employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officer at NCRJ that used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendants directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount

commensurate with the amount of insurance coverage when applicable to the claims made herein.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. On or about July 23, 2023, Plaintiff was incarcerated at NCRJ. Plaintiff was being moved to protective custody by Defendant Tibbs. Upon arriving at cell 15 in A-8, where Plaintiff was told he was being moved, Plaintiff observed another inmate already in the cell. Plaintiff asked Defendant Tibbs if he was supposed to have a cellmate when he was being placed in protective custody. Defendant Tibbs responded by brandishing his taser and shooting Plaintiff with the taser in his stomach/abdomen. Plaintiff was not a threat to himself, the Defendant, or anyone else at the time he was tased. Plaintiff never refused any orders given by Defendant Tibbs and was only trying to ask if he was supposed to have a cellmate in protective custody. Plaintiff suffered serious physical and emotional pain and injury from the taser. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights.

8. Defendant Tibbs also attempted to cover up his wrongful conduct by filing a false incident report. Plaintiff was placed in the hole as a result of the write-ups from this incident.

9. Defendant Tibbs has an extensive history of using excessive and unnecessary force on inmates. Defendant Tibbs has been involved in using excessive force against at least dozens of inmates while he was a correctional officer at NCRJ.

10. Plaintiff further asserts that he is seeking damages from the defendant up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. The individual defendant is being sued in his individual capacity and was acting under the color of state law at all times relevant herein.

11. The excessive conduct of defendant Tibbs should be on a video recording.

12. Defendants Tibbs' conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. The conduct described above also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to defendant Tibbs and at no time did plaintiff fail to follow orders of the defendant. Defendant Tibbs filed a false report in an attempt to cover up his conduct. As a result of Plaintiff being tased, Plaintiff suffered serious physical and emotional injury.

## COUNT I –OUTRAGEOUS CONDUCT

13. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

14. Defendant Tibbs' conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity as a result of Defendant Tibbs carrying out his duties.

15. Defendant Tibbs knew that such conduct was reasonably certain to cause severe emotional distress as well as physical harm. Despite said knowledge, Defendant Tibbs conducted himself in an outrageous manner when he shot Plaintiff with a taser as previously described, when plaintiff posed no threat of harm to the officers, others, or himself. Defendant Tibbs' conduct was an excessive use of force and amounts to cruel and unusual punishment. Defendant Tibbs' conduct of shooting Plaintiff with a taser without any warning demonstrates the defendant's malicious intent. Due to the Defendant's conduct, Plaintiff has suffered severe emotional distress.

16. As a result of this conduct, Plaintiff has suffered serious physical injury, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged

through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

## COUNT II- VIOLATION OF 42 USC §1983

17. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

18. Defendant Tibbs used unnecessary and excessive force against Plaintiff when he shot Plaintiff with a taser when plaintiff did not pose a threat to himself or others. This conduct was unwarranted, unnecessary and unjustified. Defendant Tibbs' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did defendant Tibbs employ any efforts to temper. Defendant's conduct was unnecessary and excessive and is cruel and unusual punishment. Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

19. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendant Tibbs' use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper is further evidence of defendant Tibbs' malicious conduct.

20. The conduct of Defendant Tibbs was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment.

Further, Defendant's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant Tibbs would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

21. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered serious physical injury, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III - VICARIOUS LIABILITY

22. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 16 as if fully set forth herein.

23. Defendant WVDCR is variously liable for the conduct of its employee, Defendant Tibbs, who was acting within the scope of his employment as described herein for the allegations set forth in Count I of this Complaint.

24. The actions of the defendant correctional officer occurred while he was working for the WVDCR. Defendant Tibbs was acting within the scope of his employment during the events described herein for the allegations set forth in Count I of this Complaint.

25. "An employer may be liable for the conduct of an employee, even if the specific conduct is unauthorized or contrary to express orders, so long as the employee is acting within the general scope of his authority and for the benefit of the employer." *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 269, 281, 504 S.E.2d 419, 431 (W.Va. 1998); *See also Crawford v. McDonald*, No. 21-0732 (W.Va. Mar. 31, 2023). Plaintiff asserts that the Defendant's conduct was within the scope of his authority and for the employer's benefit.

26.     As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to serious physical and emotional injury. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs. Defendant WVDCR is vicariously liable for Defendant Tibbs' conduct because he was acting within the general scope of his employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual Defendant only) court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.  Plaintiff does not seek punitive damages from the WVDCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DAVID ROSARIO,
By Counsel,

/s/ Paul Stroebel_____
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail:  paulstroebel1@gmail.com